## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DELORES K.,

                Claimant,

     v.

LELAND DUDEK, Acting
Commissioner of Social Security,

              Respondent.

No. 22 C 5481

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

Delores K.[1] ("Claimant") seeks judicial review of the final decision of the Acting Commissioner of Social Security[2] ("Commissioner"), denying her applications for disability insurance benefits and supplemental security income. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 8]. After reviewing the record and the parties' briefs, the Court denies Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 18] and grants the Commissioner's Motion for Summary Judgment [ECF No. 21]. Therefore, the decision of the Commissioner is affirmed.

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Leland Dudek was appointed as Acting Commissioner of the Social Security Administration on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

## BACKGROUND

### I.    Procedural History

On October 30, 2019, Claimant filed applications for disability insurance benefits and supplemental security income, alleging a disability beginning September 1, 2019. (R.20). Her applications were denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.20). A telephonic hearing was held on November 1, 2021, and all parties participated in the hearing by telephone. Claimant testified during the hearing and was represented by counsel, and a vocational expert also testified. (R.20). On March 16, 2022, the ALJ denied Claimant's applications for disability insurance benefits and supplemental security income, finding her not disabled under the Social Security Act. (R.20-32). The Social Security Administration Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### II.   The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The

2

Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since September 1, 2019, the alleged disability onset date. (R.23). At step two, the ALJ found Claimant had the following severe impairments: obesity. (R.23). At step three, the ALJ found that none of Claimant's impairments met or equaled any listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.029. (R.26). The ALJ noted that there is no listing for obesity and explained: "The claimant is obese, but there is no indication in the record that the impairment is so limiting as to result in equaling of any listing. She worked despite the problem." (R.26). Before step four, the ALJ determined:

> [C]laimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. She can stand and walk for six hours in a typical eight-hour workday. She has no limitations with respect to sitting. She can push and pull as much as she can lift and carry. She can occasionally climb ramps and stairs but should not climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She cannot work at unprotected heights or operate moving mechanical parts.

(R.26). At step four, the ALJ found that Claimant was capable of performing her past relevant work as a hair braider (R.32). Based on these findings, the ALJ concluded Claimant was not disabled as defined by the Social Security Act. (R.32).

## DISCUSSION

### I.    Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in reaching his decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported").

5

## II.    Analysis

Claimant argues the ALJ's decision cannot stand in this case because: (1) the ALJ's evaluation of Claimant's mental impairments is not supported by substantial evidence; and (2) the ALJ's subjective symptoms analysis also is not supported by substantial evidence. The Court will address each of Claimant's arguments below.

### A. The ALJ's Findings as to Claimant's Mental Impairments Are Supported by Substantial Evidence

In her first argument challenging the ALJ's decision, Claimant broadly attacks the ALJ's findings regarding the severity and limiting effects of her alleged mental impairments. Claimant's Brief [ECF No. 18], at 5-11. Claimant argues that the ALJ improperly discounted the medical opinion evidence and that his RFC determination is incomplete because he does not adequately accommodate her alleged mental impairments. The Court disagrees.

To succeed in showing the ALJ's evaluation of her mental impairments is not supported by substantial evidence, Claimant must demonstrate that the ALJ ignored or misconstrued evidence that compelled a finding that she had mental impairments that should have been accommodated and included in the RFC (*i.e.*, work-related functional restrictions that persisted for a continuous period of not less than twelve months). 42 U.S.C. § 423(d)(1)(A); *see Gedatus v. Saul*, 994 F.3d 893, 905 (7th Cir. 2021); *Delong v. Saul*, 844 F. App'x 894, 900 (7th Cir. 2021); *Borovsky v. Holder*, 612 F.3d 917, 921 (7th Cir. July 26, 2010). Here, the ALJ found that Claimant's mental impairments were "nonsevere" and offered the following explanation:

> The claimant's medically determinable mental impairments of affective disorder, depression, PTSD, agoraphobia, anxiety disorder, learning

6

disorder, or "compulsion," considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are, therefore, nonsevere. Dr. Mark Amdur's psychiatric consultative examination report and findings are wholly unpersuasive as they are contravened by the record as a whole, the brief behavioral evaluation done by the claimant's treating clinic, and by the fact that the claimant was able to work a several jobs, including a semiskilled job and work two jobs at once (bus monitor and hair braider), without any limitation from a mental impairment (Exhibit 4F). She reported that she goes outside "all the time" (Exhibit 5E/4). She can go out alone (*Id.*). She did not testify to any mental impairment or symptomology. She has no treatment for mental impairment. Her two episodes of emotional upset (one in November 2020 and one in September 2021) are described as recent and appeared to resolve spontaneously after a very short period (without treatment). The claimant herself indicated that she did not have difficulty with memory, completing tasks, concentration, understanding, following directions, or getting along with others (Exhibit 5E/6). She could pay attention for a long period of time (*Id.*). She finished what she started (*Id.*). She followed spoken instructions well (*Id.*). She handled change in routine well (Exhibit 5E/7). She got along with authority figures very well (*Id.*).

(R.24).

The ALJ also considered the broad functional areas of mental functioning known as the Paragraph B criteria and concluded, based on his review of the record, that Claimant had no limitations in all four areas of functioning, including (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting or maintaining pace, and (4) adapting or managing oneself. (R.25). The ALJ explained that Claimant's own statements, the absence of any mental health treatment and any abnormal findings, and her ability to work with her impairments showed that any of Claimant's mental impairments "cause[d] no more that mild limitations" and were not as disabling as she claimed. (R.25). The ALJ also relied on a Function Report in which Claimant denied having any difficulty with mental function, such as memory, concentration, understanding, coping with change,

and getting along with other people. (R.24). The ALJ further noted that Claimant complained of mental symptoms just three times throughout the relevant period between September 2019 and March 2022. (R.24). The ALJ found that "the evidence does not otherwise indicate that there is more than a minimal limitation in [Claimant's] ability to do basic work activities" and, therefore, concluded that her medically determinable mental impairments are "nonsevere" (R.25). The Court finds that the ALJ's explanation is more than adequate to support his conclusion.

Claimant also argues that the ALJ improperly discounted the opinion of Dr. Amdur. Claimant's Brief [ECF No. 18], at 6-7. The Court disagrees with Claimant. The record shows that Dr. Amdur examined Claimant only one time on February 6, 2021 for a consultative psychiatric examination, and as cited above, the ALJ provided multiple reasons why he was not persuaded by Dr. Amdur's findings, including that his findings are "are contravened by the record as a whole, the brief behavioral evaluation done by the claimant's treating clinic, and by the fact that the claimant was able to work a [sic] several jobs, including a semiskilled job and work two jobs at once (bus monitor and hair braider), without any limitation from a mental impairment." (R.24). The Court finds that the ALJ's explanation is more than adequate to support his decision to give little weight to Dr. Amdur's opinion and to conclude that any mental impairments Claimant had, if any, were not severe and did not need to be accommodated in the RFC.

In the Court's view, the ALJ was persuaded more by the absence of objective medical evidence supporting any mental functioning impairments and by Claimant's

own statements during this time period than by the medical opinion evidence that was based on a limited record of objective evidence. The Court cannot say that is reversible error, and Claimant has failed to show how the medical opinions are consistent with other evidence in the record. Significantly, the ALJ noted that Claimant complained of mental symptoms only three times during the relevant time period from September 2019 through March 2022. (R.24-26). The ALJ also observed that Claimant did not report any mental impairments or limitations when she testified during the hearing. (R.24). The ALJ specifically asked Claimant twice if there was anything else that kept her from working that they had not yet discussed in the hearing, and Claimant responded that there was nothing else she needed to tell him. (R.20, 43-45). It is significant to note that Claimant did not mention any mental impairments or limitations during the hearing.

Claimant, however, contends it was the ALJ's burden to inquire about her mental functioning. Claimant's Brief [ECF No. 18], at 8. That argument is not persuasive. It is a claimant's burden to prove she is disabled. *Gedatus,* 994 F.3d at 898, 905. In a case like this, when Claimant is represented by counsel and either Claimant or her counsel believed she had mental limitations that impacted her work-related functional abilities, it is their burden to inform the ALJ and not the ALJ's responsibility to uncover it or speculate. *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) (holding that it is the claimant's burden to prove she is disabled and speculation that additional evidence might have been obtained if the ALJ had inquired further into the claimant's testimony is insufficient to warrant remand).

The ALJ considered all the medical evidence in the record, and he explained how and why he concluded that Claimant's mental impairments during the relevant time period were not severe. Whether an impairment is severe is an issue reserved to the Commissioner, and any restrictions an impairment imposes is a finding the ALJ must make at the hearing level. *See* 20 C.F.R. §§ 404.1520b(c)(3)(ii)-(iii); 404.1546(c). The ALJ did that here, and this Court will not second guess the ALJ's conclusion. For all these reasons, remand is not required on this issue.

## B. The ALJ's Evaluation of Claimant's Subjective Symptoms Is Supported by Substantial Evidence

Next, Claimant argues that the ALJ's subjective symptom analysis violated Social Security Regulation ("SSR") 16-3p and is not supported by substantial evidence. Claimant's Brief [ECF No. 18], at 11-14. The Court again is not persuaded by Claimant's arguments.

When evaluating a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5-8. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). "Patently wrong" means that the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all the ALJ's reasons must be valid in a subjective

symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (emphasis in original).

When evaluating Claimant's subjective symptoms in this case, the ALJ specifically explained:

> With respect to the consistency of the claimant's subjective allegations and analysis under SSR 16-3p, I do not find the claimant's subjective allegations as to the degree of her limitations to be consistent with the record as a whole. As highlighted above and below, numerous factors mitigate against a finding of greater limitation than set forth in my residual functional capacity findings. Most significantly, these include the lack of any pain management for allegations of knee pain. Further, the normalcy of examinations mitigates against a finding of greater limitation. The claimant is not noted to use a cane nor was a cane prescribed. The record is not consistent with the claimant's subjective allegations, thus detracting from the weight given those allegations.

(R.28). As cited above, it is well-settled law that a court must give special deference to the ALJ's credibility finding, and that finding will be overturned only if it is patently wrong. *Grotts*, 27 F.4th at 1279. This is a high burden to overcome, and Claimant has not met her burden in this case.

In this case, Claimant challenges the ALJ's evaluation of the pain she experienced, the reasons she did not take other medication or obtain other medical treatment, and her daily activities. The Court, however, cannot reasonably conclude that the ALJ's decision lacks any explanation or support. The ALJ explained in relevant part:

> [T]he claimant has the above residual functional capacity assessment, which is supported by the objective medical evidence. The claimant is morbidly obese, which reasonably results in postural limitations and a degree of limitation with respect to lifting and carrying greater weights. As to allegations of chronic knee pain, the allegations are not consistent given the lack of abnormal findings beyond mild osteoarthritis together with the lack of any pain management (prescribed medication, physical

11

therapy, injections, referral to a specialist for example) and lack of any observation of use of an assistive device.

(R.31). The ALJ specifically discussed Claimant's medical record, her course of treatment, daily activities, and the pain she experienced, and he provided an explanation, and in the Court's view a reasonable one, with citations to the record for his conclusions that Claimant is capable of a restricted range of light work, including her past work as a hair braider, despite her pain and other subjective complaints. *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either.").[3]

Even if this Court would have evaluated some of the evidence differently, the Court is not permitted to second guess the ALJ's conclusions or reweigh the evidence. *Grotts*, 27 F.4th at 1279 ("When [the claimant] criticizes the ALJ's analysis of her daily functioning, her good and bad days, and her pain, she is ... inviting us to reweigh the evidence."). In the Court's view, the ALJ sufficiently articulated his reasoning, and there is enough evidence in the record on which the ALJ relied to support his conclusion that Claimant's symptoms were not as limiting as she alleged. Although

___

[3] *See also Prill v. Kijakazi*, 23 F.4th 738, 750 (7th Cir. 2022) ("Substantial evidence supports the AL's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."); *Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.").

Claimant disagrees with the ALJ's assessment and wants the evidence to be weighed differently, she has not shown that the ALJ's evaluation of her subjective symptoms is patently wrong. Therefore, remand is not warranted on this basis.

## CONCLUSION

Accordingly, for all of the reasons set forth above, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 18] is denied, and the Commissioner's Motion for Summary Judgment [ECF No. 21] is granted. Therefore, the decision of the Commissioner is affirmed, and this case is closed.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 23, 2025